wo

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Edward L. Hohn, et al., | ) | No. CV-08-0372-PHX-ROS |
| Appellants, | ) | **ORDER** |
| vs. | ) | |
| Timothy J. Gay, et al., | ) | |
| Appellees. | ) | |

**Background**

This case is on appeal from a final order of the United States Bankruptcy Court for the District of Arizona (No. BK-04–20529-RTB) (E.R. 97, 99), pursuant to 28 U.S.C. § 158(a)(1). On November 24, 2004, Appellants filed a voluntary petition to initiate Chapter 13 bankruptcy proceedings (ER 1). On November 23, 2005, the Bankruptcy Court converted the proceedings to Chapter 7 (ER 6) and, on June 9, 2006, converted the proceedings to Chapter 11 (ER 13). On October 4, 2006, a Trustee (Appellee Gay) was appointed to administer Appellants' estate (ER 24). On July 26, 2007, the Trustee filed a Chapter 11 Reorganization Plan for the estate, to which Appellants objected (ER 44, 76). On November 6, 2007, a hearing was held to confirm the Trustee's proposed Reorganization Plan, after which the Bankruptcy Court took both the Plan and objections under consideration (ER 84, 96). On November 26, 2007, the Bankruptcy Court overruled the objections and ordered the

Plan to be re-filed with specified modifications (ER 87). On February 12, 2008, the duly modified Plan was confirmed in a final order of the Bankruptcy Court (ER 97, 99). On February 28, 2008, Appellants filed notice of appeal (ER 102). The matter is fully briefed and before the Court.

## Discussion

Appellants challenge confirmation of the Reorganization Plan on two grounds, alleging the Bankruptcy Court erred because: (1) the Trustee did not submit the Plan in good faith, as required by 11 U.S.C. § 1129(a)(3); and (2) the Bankruptcy Court failed to grant Appellants' requests for discovery and an evidentiary hearing, in violation of 11 U.S.C. § 1128 and the Due Process Clause of the Fifth Amendment. For the reasons set forth below, the Bankruptcy Court's Order will be affirmed and Appellants' appeal denied.

### A. Standard

**"**On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." Id. Whether a Chapter 11 Reorganization Plan was submitted in good faith is a question of fact and reviewed for abuse of discretion.[1] See e.g. In re Cogar, 210 B.R. 803, 808 (9th Cir. B.A.P. 1997) ("An order approving a

---

[1] See In re Stolrow's Inc., 84 B.R. 167, 170 (9th Cir. B.A.P. 1988) ("The question of good faith is factual and will often require the introduction of evidence."); In re Sylmar Plaza, L.P., 314 F.3d 1070, 1075 (9th Cir. 2002) (the good faith of a Chapter 11 Reorganization Plan is determined "on a case-by-case basis") (internal citation omitted); In re Corey, 892 F.2d 829, 885 (9th Cir. 1989) (conferring "substantial deference" to a bankruptcy court's § 1129(a)(3) good faith determination). Appellants cite In re Bammer, 131 F.3d 788, 791-92 (9th Cir. 1997), for the position that § 1129(a)(3) good faith determinations are mixed questions of fact and law, reviewed *de novo*. Bammer, however, specifically defines mixed questions as those in which "the historical facts are established; the rule of law is undisputed . . . and the issue is whether the facts satisfy the legal rule." Id. Here, the parties dispute the facts concerning the Trustee's alleged conflict of interest and thus Bammer is inapplicable.

reorganization plan is reviewed for an abuse of discretion."); In re Pine Mountain, Ltd., 80 B.R. 171, 172 (9th Cir. B.A.P. 1987) (same). Conclusions of law are reviewed *de novo*. See In re New England Fish Co., 749 F.2d 1277, 1280 (9th Cir. 1984) (appeals court review of bankruptcy court's conclusions of law is *de novo*); In re U.S. Trustee, 32 F.3d 1370, 1372 (9th Cir. 1994) (district and appeals courts review a bankruptcy court's findings under the same standard). The question of whether a Reorganization Plan confirmation hearing conforms with 11 U.S.C. § 1128 or constitutional due process is reviewed *de novo*. See In re Acequia, Inc., 787 F.2d 1352, 1358 (9th Cir. 1986) (interpretation of § 1128 hearing requirements is a question of law reviewed *de novo*); In re Center Wholesale, Inc., 759 F.2d 1440, 1445 (9th Cir. 1985) (whether procedural aspect of a hearing violated due process is a question of law reviewed *de novo*).[2]

**B. Lack of Good Faith**

1. Question of Law

Appellants argue the Trustee's proposed Chapter 11 Reorganization Plan was *per se* invalid, vis-a-vis the § 1129(a)(3) good faith requirement, because the Trustee's business relationship with Appellants' former counsel and current creditor, Mr. Dodge, created a bad faith conflict of interest. In Appellants' own words, "a Chapter 11 plan that has been proposed by a person who holds a conflict of interest – as a matter of law – can never be approved and confirmed by a bankruptcy court, because the conflict of interest will 'taint' any plan proposed by that person, and thus the 'good faith' requirement of 11 U.S.C. § 1129(a)(3) can never be satisfied" (Doc. 7 at 12). While § 1129(a)(3) allows a bankruptcy

---

[2]Appellees cite In re Int'l Fibercom, Inc., 503 F.3d 933, 946 (9th Cir. 2007) for the position that a bankruptcy court's failure to grant a full evidentiary hearing is reviewed for abuse of discretion. However, Int'l Fibercom dealt narrowly with a bankruptcy court's discretion to grant an evidentiary hearing in response to a motion to alter or amend a final order, pursuant to Federal Rule of Bankruptcy Procedure 9023, and not the distinct question of how much discretion a bankruptcy court has in accepting evidence in a Chapter 11 Reorganization Plan confirmation hearing, pursuant to §§ 1128-29.

court to "confirm a plan *only if* . . . [t]he plan has been proposed in good faith," the statute does not define "good faith." 11 U.S.C. § 1129(a)(3) (emphasis added). Under Appellants' interpretation of § 1129(a)(3), any "significant business relationship" between a trustee and a creditor implicates a bad faith conflict of interest and thus a proposed Rule 11 Reorganization Plan submitted by such a trustee would be *per se* invalid (Doc. 7 at 18). This interpretation is squarely at-odds with Ninth Circuit case law requiring the good faith of a proposed reorganization plan to be determined by the extent to which "it achieves a result consistent with the objectives and purposes of the Code." Sylmar Plaza, L.P., 314 F.3d at 1074. Sylmar clearly eschews *per se* rules in favor of a more flexible examination of each plan on a "case-by-case basis." Id. at 1075 (rejecting party's "proposed per se rule" because it "would inject unnecessary and undesirable rigidity into the good faith inquiry."). Appellants cite three out-of-state bankruptcy court decisions in support of the proposed *per se* rule. See In re Coram Healthcare Corp., 271 B.R. 228 (Bankr. D. Del. 2001); In re Unichem Corp., 72 B.R. 95 (Bankr. N.D. Ill. 1987); Matter of Fiesta Homes of Ga., Inc., 125 B.R. 321 (Bankr. S.D. Ga. 1990). Assuming these cases support Appellants' proposed *per se* rule, an assumption which Appellees contest, they are unpersuasive, as contradicting established Ninth Circuit law.

2. Question of Fact

Even if the Court were to accept the proposed construction of § 1129(a)(3), for Appellants to prevail, the Court must also reverse the Bankruptcy Court's factual finding that the Trustee's relationship with Mr. Dodge did not present a conflict of interest. See e.g. In re AFI Holding, Inc., 355 B.R.139, 151-52 (9th Cir. B.A.P. 2006) ("Whether an interest is 'materially adverse' necessarily requires an objective and fact-driven inquiry."); In re Dick Cepek, Inc., 339 B.R. 730, 740-41 (9th Cir. B.A.P. 2006) (same); see also Fed. R. Bankr. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous."). The Bankruptcy Court found, after hearing the same

conflict-of-interest argument during adjudication of Appellants' Motion to Terminate Appointment of Chapter 11 Trustee and Restore Debtors to Possession, that:

> The question raised is[:] does the connection between the trustee and Mr. Dodge mean that the trustee is not a "disinterested person" as the term is used in Section 101(14) of the Bankruptcy Code . . . Here the connection involves interests in a home building business entity, which entity has no connection with this case. Both interests are passive in nature, i.e., no active day to day involvement in the home building business. The court views the interests and connections akin to the appearance of a conflict as opposed to an actual or potential conflict of interest. (ER 87 at 1073-74).

To undermine the Bankruptcy Court's factual findings, Appellants cite three verified statements submitted by the Trustee which outline the extent of the Trustee's business dealings with Mr. Dodge (ER 26, 29, 72). However, these statements do no more than flesh out the details of the Bankruptcy Court's findings, explaining the exact nature of the Trustee's and Dodge's relationship, and do not contravene the Bankruptcy Court's analysis. Appellants also cite their own affidavits which claim the Trustee and Dodge discussed appointment of a trustee to represent the bankrupt estate without Appellants' knowledge or permission (ER 82-83). Given the Appellants' self interest, these statements are of questionable evidentiary value, and, even if true, the discussion does not necessarily infer the conclusion that the Trustee's and Dodge's relationship created a conflict of interest between the Trustee and the estate. The Bankruptcy Court's factual findings are not clearly erroneous for failing to adopt this inference. Appellants further cite the fact that the Trustee did not oppose Mr. Dodge's application to collect legal fees incurred by the estate (ER 30). Again, the Bankruptcy Court was not required to infer a conflict of interest simply because the Trustee did not contest Dodge's application; Dodge's rightful claim to the fees is just as reasonable an explanation. Appellants' final citation is to their own written and oral argument during Bankruptcy Court proceedings, neither of which is evidence (ER 58, 96). In this way, Appellants provide only meager evidence suggesting a conflict of interest

- 5 -

1  between the Trustee and Dodge and fail to show the Bankruptcy Court's finding is "clearly
2  erroneous." Fed. R. Bankr. P. 8013.

3  The Bankruptcy Court thus did not err in failing to find a conflict of interest between
4  the Trustee and Dodge; nor did the Bankruptcy Court err in failing to find the Trustee acted
5  in bad faith when submitting the proposed Rule 11 Reorganization Plan.

**C. Procedural Rulings**

1. Evidentiary Hearing

Appellants next argue the Bankruptcy Court erred by failing to grant Appellants' oral requests for an evidentiary hearing, that is, "an opportunity to present evidence to establish the significance and extent of the conflict of interest between Mr. Gay [the Trustee] and Mr. Dodge," in violation of  11 U.S.C. § 1128 and the Due Process Clause of the Fifth Amendment (Doc. 7 at 14).

Title 11 U.S.C. § 1128 requires a bankruptcy court to hold a hearing prior to confirming a Chapter 11 Reorganization Plan. See 11 U.S.C. § 1128(a) ("After notice, the court shall hold a hearing on confirmation of a plan."). Federal Rule of Bankruptcy Procedure 3020(b) further requires a bankruptcy court to accept evidence during such a hearing if an objection is timely filed to the proposed Plan. See Fed. R. Bankr. P. 3020(b)(2) ("The court shall rule on confirmation of the plan after notice and hearing . . . If no objection is timely filed, the court may determine that the plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues."). Neither the Bankruptcy Code nor the Rules offer further instruction. In this case, the required hearing was held on November 6, 2007 (ER 96), in anticipation of which, the Bankruptcy Court accepted various submissions from the parties, including documentary evidence. Appellants understood this procedure and submitted documentary evidence in support of the pendent motions (ER 60; 96 at 1150).

- 6 -

Appellants contend the Bankruptcy Court's acceptance and review of only documentary evidence was insufficient because § 1128 requires an "evidentiary hearing" which, according to Appellants, must allow for presentation of testimony. In support, Appellants cite In re Acequia, in which the Ninth Circuit states: "The bankruptcy court must hold an evidentiary hearing in ruling on confirmation." 787 F.2d 1352 at 1358. Yet, Acequia is unclear whether an "evidentiary hearing" requires testimony or whether review and discussion of documentary evidence alone is sufficient. At least one bankruptcy court has interpreted Acequia to define "evidentiary hearing" as requiring presentation of testimony. See In re Martin, 66 B.R. 921, 925 (Bankr. D. Mont. 1986) ("[T]he court must hold, and the Debtor must submit testimony at an evidentiary hearing, before ruling on confirmation."). Other sources read Acequia to permit "evidentiary hearings" in which only documentary evidence is presented. See e.g. In re Gulfstar Indus., Inc., 236 B.R. 75, 77-78 (M.D. Fla. 1999) ("During this required evidentiary hearing, it is sufficient for the court to decide compliance with 11 U.S.C. § 1129 based upon the Court file."); Alan N. Resnick & Henry J. Somner, 7 Collier On Bankruptcy, § 1128.03 at 1128-4 (2008 ed.) ("The evidence may come, however, from the court's file in the case, and the court need not take evidence during the hearing if the evidence in the court's file from the case will support confirmation.").

The Court finds the latter reasoning more persuasive. Requiring testimony at all Chapter 11 Reorganization Plan confirmation hearings would unnecessarily waste judicial resources. In some cases, testimony will provide unique insight that cannot be properly presented through a document. In other cases, testimonial evidence will closely replicate evidence already produced, or easily capable of production, in document format and will add nothing to the proceedings except time and expense. The bankruptcy court is in the best position to determine whether testimonial evidence will enhance or detract from the proceedings. Accordingly, absent an express mandate to the contrary from the Ninth Circuit

1 or another precedential source, the question of whether to allow such testimony should be
2 at the discretion of the bankruptcy court.

3 In this case, the Bankruptcy Court did not abuse its discretion in failing to grant Appellants' oral request to present testimony. Local Rule of the Bankruptcy Court for the District of Arizona 9014-2(b) requires all requests for presentation of testimony to be in motion form and include a proposed order. See LRBankr. 9014-2(b) ("Any party filing a motion, application, or objection who reasonably anticipates that its resolution will require live testimony may file an accompanying motion for an evidentiary hearing . . . The party requesting an evidentiary hearing shall accompany the motion with a form of order."); see also LRBankr. 9014-2(a) ("[A]ll hearings scheduled on contested matters will be conducted without live testimony except as otherwise ordered by the court."). Appellants' oral requests during the November 6, 2007 hearing for permission to present testimonial evidence did not follow procedure and were properly ignored by the Bankruptcy Court.

Appellants' failure to follow proper procedure in requesting presentation of testimonial evidence also undermines the due process claim, as failure to follow the rules and make use of existing procedure cannot constitute a denial of due process.

Lastly, the Court rejects Appellants' argument that the Bankruptcy Court, in refusing to permit introduction of testimonial evidence, failed to perform its "affirmative duty to ensure that the Plan satisfied all 11 U.S.C. § 1129 requirements for confirmation." In re Ambanc La Mesa Ltd. P'ship, 115 F.3d 650, 653 (9th Cir. 1997). As discussed above, Appellants cite scant evidence suggesting the Bankruptcy Court's factual findings were in error. Nor do Appellants proffer, with any specificity, what testimonial evidence would have been presented at the November 6, 2007 hearing and why this evidence would have rendered the Bankruptcy Court's findings clearly erroneous. Without such a showing, the Court has no basis to find the Bankruptcy Court failed to perform its duty to ensure the proposed Reorganization Plan satisfied § 1129.

1    The Bankruptcy Court did not err in failing to accept testimonial evidence at the November 6, 2007 confirmation hearing or otherwise order an evidentiary hearing in which testimony would be allowed.

2. Motions To Compel

Lastly, Appellants claim the Bankruptcy Court's failure to rule on two motions to compel discovery constituted a denial of due process (ER 78-79). The record is not entirely clear on the facts of this issue, but the Court will assume the Bankruptcy Court properly received the motions and failed to rule on them.[3]

The Bankruptcy Court's failure to rule on the discovery motions was not an exercise of discretion and must be reviewed *de novo*. See First Pac. Bank v. Gilleran, 40 F.3d 1023, 1027 (9th Cir. 1994). Nevertheless, the Bankruptcy Court did not err. Failure to rule on a discovery motion before reaching final decision on an issue comports with due process if the court determines the record is sufficiently developed to support the final decision and the failure causes no substantive harm to the movant. See Charlotte's Office Boutique, Inc. v. Comm'r of Internal Revenue, 425 F.3d 1203, 1212 (9th Cir. 2005) (discovery motion movant was not denied due process when the Tax Court reached a decision on a contested issue without resolving the motion because (A) the Tax Court determined the record was sufficient and (B) the reviewing court could discern no substantive harm to the movant). In this case, the Bankruptcy Court reviewed the proposed Chapter 11 Reorganization Plan and found the existing factual record sufficient to support confirmation (E.R. 99). Appellants point to no specific evidence in the record suggesting the Bankruptcy Court's determination was erroneous and Appellants were substantively harmed by the ignored discovery requests. The

---

[3]In a February 21, 2008 minute order, the Bankruptcy Court states Appellants filed two motions to compel on November 5, 2007 (E.R. 101 at 2). Later in the paragraph, the Court states the motions were "never submitted for ruling to the court." (E.R. 101 at 2). Because the status of the two motions is unclear, the Court will assume they were properly submitted but not decided.

- 9 -

1  Court thus affirms the Bankruptcy Court's failure to rule on Appellants' discovery motions.

4  Accordingly,

5  **IT IS ORDERED** the Bankruptcy Court's confirmation of the Chapter 11 Reorganization Plan (ER 97, 99) **IS AFFIRMED** and Appellants' Appeal **IS DENIED**. The Clerk of Court shall close this case.

10  DATED this 30th day of March, 2009.

_____
Roslyn O. Silver
United States District Judge